# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ARTHUR BRACKEN, | No. 2:17-cv-2634-JAM-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION |
| WILLIAM L. MUNIZ, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1).

Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that petitioner is not entitled to relief in the district court." Here, it is clear that the petitioner is not entitled to relief in this court because it lacks jurisdiction. Specifically, it is clear that the instant petition is a second of successive petition filed without prior leave of the Ninth Circuit court of Appeals. Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a

second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed. . . ." unless one of two circumstances exist.  Either the newly raised claim must rely on a new rule of constitutional law, or the factual predicate of the new claim could not have been discovered earlier through the exercise of due diligence and the new claim, if proven, establishes actual innocence.  See id. Before a second or successive petition potentially permissible under § 2244(b)(2) can be filed, the petitioner must first obtain leave of the Court of Appeals.  See 28 U.S.C. § 2244(b)(3).  In the absence of proper authorization from the Court of Appeals, the district court lacks jurisdiction to consider a second or successive petition and must dismiss it.  See Cooper v. Calderon, 274 F.3d 1270 (9th Cir. 2001) (per curiam).

Upon review of the instant petition, the court concludes that the court lacks jurisdiction because the instant petition is a second or successive petition filed without prior leave of the Ninth Circuit Court of Appeals. Petitioner is challenging a 2011 conviction from Siskiyou County.  He filed a prior petition, challenging the same conviction, in 2015, case number 2:15-cv-0408-JKS. This prior petition was adjudicated on the merits. (See 2:15-cv-0408 JKS, Doc. 49). Judgment was entered on August 29, 2016, and the case was closed. (See 2:15-cv-0408 JKS, Doc. 50).  Petitioner then appealed this court's decision, which was denied on May 9, 2017, for petitioner's failure to make a substantial showing of the denial of a constitutional right.  (See 2:15-cv-0408 JKS, Doc. 59).  Petitioner has not provided authorization from the Court of Appeals to file a second or successive petition, and this court therefore lacks jurisdiction to consider the pending petition

Based on the foregoing, the undersigned recommends that petitioner's petition for a writ of habeas corpus (Doc. 1) be summarily dismissed, without prejudice, for lack of jurisdiction.

/ / /

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 16, 2018

/s/ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE