| | |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | EASTERN DISTRICT OF CALIFORNIA |

WILLIAM ARTHUR BRACKEN,

Petitioner,

v.

WILLIAM L. MUNIZ,

Respondent.

No. 2:17-cv-2634-JAM-CMK-P

**ORDER**

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

On May 16, 2018, the Magistrate Judge filed findings and recommendations herein which were served on the parties and which contained notice that the parties may file objections within a specified time. Timely objections to the findings and recommendations have been filed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file and, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Petitioner contends this court has jurisdiction to hear his claims of actual innocence as he already filed his petition in "the lower courts." However, petitioner appears to be confused as to the proper procedure. As the magistrate judge set forth, in order to file a second or successive petition in this Court pursuant to 28 U.S.C. § 2244, petitioner must obtain authorization from the Ninth Circuit Court of Appeals. See 28 U.S.C. § 2244(b)(3); Cooper v. Calderon, 274 F.3d 1270 (9th Cir. 2001) (per curiam). Petitioner provided notice that he filed a petition with the California Court of Appeal, who denied the petition in April 2018. However, filing a second petition in the California Court system does not meet the requirement of § 2244. Authorization must be obtained from the Ninth Circuit Court of Appeals. Until such

1

authorization is obtained, this court lacks jurisdiction to consider the petition filed in this action.

Pursuant to Rule 11(a) of the Federal rules Governing Section 2254 Cases, the court has considered whether to issue a certificate of appealability. Before petitioner can appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Where the petition is denied on the merits, a certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. See Fed. R. App. P. 22(b). Where the petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595, 1604 (2000)). For the reasons set forth in the Magistrate Judge's findings and recommendations, the court finds that issuance of a certificate of appealability is not warranted in this case.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed May 16, 2018, are adopted in full;
2. Petitioner's petition for writ of habeas corpus (Doc. 1) is summarily dismissed, without prejudice, for lack of jurisdiction;
3. No certificate of appealability shall issue; and
4. The Clerk of the Court is directed to close this case.

DATED: August 15, 2018

/s/ John A. Mendez
UNITED STATES DISTRICT COURT JUDGE